Our fifth case this morning is Damion Perkins v. Milwaukee County. Good morning, Ms. Hines. Good morning. May it please the court, we're here today because Milwaukee County refused to hire Dontre Hamilton's brother to clean its buses, even though the parties agree that there were openings for such a job and that Mr. Perkins was qualified for that job. Those are some of the only things that the parties agree upon in this case. There are a great number of disputed facts, and as a preliminary matter, the district court, we believe, abused its discretion in deeming the defendant's proposed findings of fact on summary judgment to be admitted. But he has the authority to do that if you don't comply with Local Rule 56.1. He does, however, his interpretation of the Local Rule 56.1 is different than other judges in the district, as I point out with the documents in the appendix. What we did in responding to the defendant's proposed findings of fact was refer specifically to our proposed findings of fact number, which contains the full text of the proposed fact along with citations to specific points in the record. I think you're right about the citations to the record, that you incorporated them by reference. Yes. But you cross-referenced so many paragraphs, it is difficult to piece together exactly what your response is, how you're saying it's different. I mean, it's not like you just say, look at our proposed findings of fact one. You say, you know, one, four, eight, and nine, and then that leaves the court to try to look at those four different paragraphs and figure out exactly what you're trying to say in response. So you're right, you have the record citations, but your prose answer isn't particularly clear. Well, and part of that is due to the nature of defendant's proposed facts as well, because many of them cover what are essentially three or four different facts contained within the one allegation, such that it required proof of different parts of the record in referring to the separate proposed findings of fact. Why did you do it that way? Why didn't you just write out your objection and record cite there? Why did you take the shortcut? Well, because the specific objections to those findings of fact were so lengthy that it would have probably quadrupled or quintupled the length of our responses to the defendant's proposed fact. And we believed that that would be more confusing to the court to be handed an inch stack of a document response to their facts. And that since we were required by law to file the separate 56.1 statement of proposed facts, that it made more sense, instead of repeating everything with the citation, to refer specifically to those proposed facts. Let me skip ahead. I have a question about the record. So it's clear from the record that Radmer and Kelmer knew who he was, knew who his brother was, and knew about the family's protests. Yes. Is there any evidence that they knew about your client's specific role and that he had made statements? I mean, the Google me stuff doesn't quite carry it at this point, right? There has to be some evidence that they were aware of it at the time. So did they just kind of have a general awareness of the controversy, or were they aware of any specific role your client played? They did. They were aware of his involvement in the protests. They did not give specifics in their testimony, but they knew that he had been involved in those. And if you take a look in the appendix, at the end of the appendix, in the different articles and magazine stories and media accounts, he's very prominently featured in those. But that doesn't answer the question of what they knew. I mean, they knew that his family was protesting and that his family stops traffic, you know, the Goins-Jones comment. But did they know that he – what evidence is there that they knew that he specifically, not just that his family generally, was participating in this? I don't – I know we addressed the issue at pages 31 and 32 of our brief. Whether there is evidence that they knew specifically about him, they knew who Dontre Hamilton was. Mr. Perkins identified himself as Dontre Hamilton's brother, and we can establish that they knew about the protests and that they specifically knew that he was Dontre Hamilton's brother whose family stopped traffic in the streets. I don't – I think we should get the benefit of the inference, particularly at the summary judgment stage, that they knew specifically about Mr. Perkins' involvement on behalf of his brother advocating against the policies in the Milwaukee Police Department. Okay. Do you want to address who you sued and whether Milwaukee County is the right entity? Yes. We did a lot of preliminary research into this issue, and the problem is that Milwaukee County essentially has outsourced operation of its buses to Milwaukee Transport Services. However, they have retained the funding authority through the Milwaukee County Board and the oversight authority over the bus system in general. What they have delegated to MTS specifically is the hiring of individuals to perform the jobs at MCTS so that the supervising entity, the entity that owns all of the means of the employment and the buses and all of the transit components is still Milwaukee County. And we referred the court specifically to the lengthy case of the Zinke case. And the purpose in citing that case was because it lays out very effectively the timeline, how it happened, how Milwaukee County's system was taken over by Milwaukee Transport. And then as part of our proposed facts, which the defendants did not dispute, we point out that they even proposed the fact that MTS has the final hiring authority as to the employees, but they are still supervised by Milwaukee County. Who signs the paycheck? I believe it's Milwaukee Transport. Why didn't you just sue MTS? Very good question, and there's a very easy answer. Because our case is one for First Amendment retaliation under 42 U.S.C. section 1983, which requires a municipal defendant. But if MTS is standing in the shoes of Milwaukee County, Milwaukee County can't escape 1983 of liability by delegating it to the private entity, but then the private entity, if it's standing in the shoes of the county, can be liable under 1983. It was not immediately clear to us that that was going to be effective. And so because the controlling authority with the funding governed by the board is Milwaukee County, and based on the Zinke case and Blamer and Apatropoulos. But MTS was the defendant in the Zinke case. Correct. However, they point out that the proper entity for service would be Milwaukee County. I mean, at the very end of the quote we cite points out that ownership is not disputed and the court held as a matter of law that Milwaukee County retained such control over the company that the buses were operated by the county, which would mean that in order to bring an effective First Amendment claim, we would have to sue Milwaukee County. Of course, you could have sued several people at the same time. Yes, I suppose we could have, Your Honor. But after reviewing the information and looking at the chain of command, it did not appear that Milwaukee Transport would have had enough involvement in that to have been a subject for liability under 42 U.S.C. section 1983, and that instead Milwaukee County was the proper defendant. Do you want to save some time for rebuttal? Yes, please. Thank you. Ms. Nelson. Good morning, Your Honor. Good morning. May it please the court, my name is Mary Nelson, and I represent Milwaukee County, Sandra Kellner, and Silvana Radmer. The district court properly granted summary judgment dismissing the complaint. The court first found, with respect to the proposed facts that Your Honor has already addressed with counsel, that because plaintiff violated the local rule with respect to responding to defendant's proposed findings of fact, the district court found as a consequence and as a result of that violation, that the district court found to be willful. Is Judge Stattmuller's approach idiosyncratic, as the plaintiff suggests, to enforcement of this local rule? It is not, and a reading of the local rule references the requirement for both plaintiffs and defendants in terms of the way we respond, that we are to respond with an admit or object, and a specific reference to that portion of the record, whether it be an affidavit, whether it be a declaration, whether it be something else within the record. And it's a simple, straightforward reading of the rule that requires a specific citation. But how do other judges enforce it? Other judges, and I'll be honest, I think some judges enforce it, some other judges don't. I know that with the examples counsel provided in the appendix, that actually two of the cases dating back to 2010 and 2012, where the Eastern District Court judges noted counsel's or the party's plaintiff's violation of the local rule in responding to defendant's proposed findings of fact. But didn't deem them admitted as a consequence, though? Did deem them admitted. Did deem them admitted. Did deem them admitted as a consequence. This Court is very clear that the District Court has discretion in enforcing and applying the local rules. It's an abusive discretion standard. There's nothing in this record before Your Honors that Judge Stoudmiller abused his discretion in his reading or his application of the local rule in this case. Can you talk about the proper party defendant? Moving on to Milwaukee County, Milwaukee County is not a proper party. If you go back to the complaint, which is what starts the matter, and which is what we were responding to at summary judgment, and just to kind of provide a little bit of the procedural history, the summary judgment deadline was before the discovery deadline. And so on September 14th, we filed our motion for summary judgment based upon the allegations in the complaint. And the allegations were against Milwaukee County as being the alleged employer that Mr. Perkins was seeking employment with. The complaint also alleged that Ms. Radmer and Ms. Kellner were employees of Milwaukee County. At the time we filed our motion for summary judgment, plaintiff had not conducted any formal discovery by way of written discovery or depositions. The depositions were not conducted until after our motion for summary judgment was filed. Milwaukee County, and the record is clear, even after that discovery, Your Honors, that Milwaukee County was not the entity with whom Mr. Perkins was seeking employment. Ms. Kellner was not an employee of Milwaukee County. Ms. Radmer was not an employee of Milwaukee County. And the district court properly concluded that Milwaukee County was not a proper party. Is the arrangement between MTS and Milwaukee County such that MTS might be the proper party for some 1983 suits like this hiring one, but Milwaukee County might be the proper party for others, like operation of the buses, you know, those kinds of things? And that may well be the case. Unfortunately, Your Honors, the record is silent as to other than what the defendants presented by way of affidavits. The record is silent as to any greater information with respect to the relationship between MTS and Milwaukee County. And to more specifically answer the question, that discovery was not conducted by plaintiff. Moving on to the First Amendment claim, the constitutional claim, the court concluded based upon the pleadings that it was a retaliation claim. You said that it would be more appropriate or maybe appropriate as a retaliation claim? Yes, Your Honor. And in terms of the elements for the retaliation, the First Amendment retaliation, the elements are that the speech is constitutionally protected, that the individual has suffered a deprivation likely to deter speech, and that the speech was at least a motivating factor in the employer's action. In determining whether or not speech was constitutionally protected, the question is whether or not the speech was a matter of public concern. It's a question of law. The court looks to the content form and context of the statement. Here, there is no evidence as to the claimed specific protected speech. As Your Honor pointed out, and it was noted by the district court and it's in the briefs, when asked the question about the specific speech, the testimony was, it was too numerous, essentially Google my name. But did they have to be aware of specific statements? I mean, if they knew, and it's clear that they did know who he was and that his family had participated in protests. Well, and the record in terms of what Ms. Radmer and what Ms. Kellner knew was that they were familiar with the name Dontre Hamilton. And Ms. Radmer had testified that she first heard the name Dontre Hamilton in December. She did not hear Mr. Perkins' name until January. And the record is clear in terms of their testimony that while they were familiar with the name, both Ms. Kellner and Ms. Radmer, that they didn't have knowledge or information as to what, if any, support Mr. Perkins may have provided supporting his brother's civil rights. So it was a general knowledge, not a specific knowledge. And in terms of the claimed speech, Your Honor, even if we look at what the plaintiff has alleged, there's no evidence in the record that either Ms. Kellner or Ms. Radmer knew of the speech. For example, setting aside the prejudice to the defendants or any evidentiary issues with respect to the attachments to Mr. Perkins' appendix, if that's what they're now relying on, there's no evidence in this record that Ms. Kellner or Ms. Radmer knew of any of that, had that knowledge which is necessary, a necessary element for the retaliation. There's no evidence in the record that either Ms. Kellner or Ms. Radmer made the decision with respect to not advancing Mr. Perkins in the recruitment process. But alternatively, there's no evidence in this record that any claimed speech, again, nonspecific, undefined, and from defendants' and respondents' standpoint, not sufficient to qualify as constitutionally protected speech, but making some assumptions for argument's sake, there's no evidence in the record that any speech was a motivating factor for the decision not to advance Mr. Perkins. And then finally, Your Honors, with respect to the Monell claim, as the district court noted of the options, the plaintiff was arguing that municipal liability was created based upon an official with final policymaking authority causing the constitutional deprivation. Setting aside all of the other evidentiary issues, Your Honors, a policymaker, as you know, is responsible for establishing final government policy on a particular issue. And again, there is no evidence in this record as to who the policymaker was for the only named municipal defendant in Milwaukee County. There's no evidence in this record that Ms. Kellner or Ms. Radmer were a policymaker. And because there is no evidence, because the record is silent, and the district court points that out while Mr. Perkins makes a lot of arguments, he never answered the central question under Monell as to who the policymaker was. And because that question was never answered, that claim is fatal. Thank you, counsel. Your time has expired. Thank you. Ms. Hines, I'll give you 30 more seconds. Thank you. The portions of the record relating to the prior responses to summary judgment proposed facts in the four cases. The two cases that addressed it, one was in a footnote and the other one was a side note, and none of the facts were deemed admitted in those cases. This is a different sanction than what would ordinarily be provided. In particular, in the Ott case, the court specifically set forth the background information. Noting that he had accepted our proposed findings of fact as true, as he needs to do under Rule 56. Now, alternatively, in this case, if the court disagrees with our position on the plaintiff's proposed findings of fact and our responses to the defendant's facts, we proposed enough facts to establish liability on the part of the defendant that the defendant admitted in their responses. And so there is still a basis for liability on that ground. And finally, there's a very important distinction that I just want to highlight for a few remaining seconds between defining who the final policymaker is and determining it as a matter of law. Now, this court on appeal must determine as a matter of law who the final decision maker was. But we can't do that based on the factual disputes here, as both parties dispute who actually made the final decision not to hire Mr. Perkins. There was his initial interview and then the responses, and then after he came in to speak with the people at the county and the individual defendants, they specifically ordered people under them not to hire Mr. Perkins and received confirming authority from the highest level of MTS to whom had been delegated the responsibility for hiring to not hire Mr. Perkins. Thank you, counsel. The case is taken under advisement.